————o————

No. 4744.

Court of Appeal, Parish of Orleans.

ARTHUR A. SPERIER, TUTOR, VS. LUTHER D. OTT.

1. One who simply notifies to the authorities that an offense has been committed and asks that the guilty parties be discovered and upnished, but designates no particular person for arrest and punishment is not responsible for every arrest that may follow the official

investigation growing out of his complaint.

2. But where he is present at the arrest, accompanies the accused to the station and prefers the charge, he will be held liable in the same way and to the same extent as if he had originally directed the arrest.

3. Want of malice is no defense to a suit for damages for false imprisonment. The arrest must have been lawfully made and there must have been probable cause.

4. One may be arrested without a warrant who confesses to an officer of the law facts which *prima facie* show him guilty of an offense punishable with imprisonmne.t

5. Where there is *prima facie* ground for an arrest there is no obligation before making the arrest to hear and pass upon the merits of a possible defense. That investigation properly appertains to the trial to be had before a competent magistrate.

6. An offer to pay the value of property taken without right does not wipe out the offense against the State.

7. Police magistrates are vested with a wide discretion, and no fault is to be found with a wise exercise of that discretion, especially where the offense is venial and the accused is youthful, penitent and disposed to repair the wrong.

8. An acquittal or discharge is not even *prima facie* evidence of malice or want of probable cause for the prosecution.

9. But even were such the presumption, it is abundantly rebutted by proof that the accused had actually committed an offense even more serious than that with which he was charged.

Appeal from the Civil District Court, Division "B."

Humphrey and McCaleb, for Plaintiff and Appellee.

R. O'Connor, for Defendant and Appellant.

ST. PAUL, J. Action for damages for false arrest and malicious prosecution. Defense a denial of responsibility for the arrest, and for the prosecution, justification, probable cause and want of malice. Judgment for plaintiff for $20.00, and defendant appeals.

The circumstances out of which this litigation arises are as follows: Defendant purchased for a small sum an old building which he purposed to demolish for the sake of the old materials. Approaching near nightfall he observed a number of persons in the act of carrying off parts of the building. He summoned the police and on their arrival stated what he had observed, pointed out the condition of the building and requested that the guilty parties be fined and punished.

The police, accompanied by defendant, made an investiga-

tion and found some of the material in a yard next door. The children admitted having taken it and were placed under arrest. They declared that others also had been helping themselves to what they wanted and named plaintiff's two minor children, aged eleven and thirteen years respectively.

The police, still accompanied by the defendant, proceeded to plaintiff's home, and on their confession that they had taken away some of the material, plaintiff's two boys were also placed under arrest.

Others were also arrested on their own confession, and all were taken to the police station in the police van.

After having been detained about a half hour they were paroled to appear next day, and at the suggestion of the police they were all charged by the defendant with "malicious mischief."

When the matter was first called by the Recorder defendant was accompanied by counsel, who requested and obtained a continuance. It seems, however, that the mother of the two boys first arrested heard something of the charge being changed to "petty larceny" and, becoming worried, called on the Recorder who, parentally as it were, advised her that the best thing to do was to compromise the matter and have it off her mind.

She, therefore, spoke to plaintiff and the others who had been arrested, and they all determined to call on defendant's counsel, which they did, and offered to pay the damages done. Their offer was accepted, counsel could promise no immunity, but offered in their behalf to "apologize to the Court" and "ask a dismissal of the affidavit."

When the case was again fixed for trial (by whom does not appear, but it was not by defendant) plaintiff's sons appeared with counsel; counsel who appeared for defendant then arose and acquainted the Court with the fact that a proposition had been made and accepted to compromise the civil liability, all the parties having agreed thereto except plaintiff, consequently he "apologized to the Court for the conduct of the boys" except plaintiff's sons, for whom he asked nothing but "left it to the Court."

The trial was then proceeded with, the evidence being taken stenographically but never transcribed, but according to the

stenographer's recollection "there was no (note of) evidence given. Mr. Ott got on the stand, and every question asked him, he said he was in the hands of his attorney; didn't make any direct statement at all." The accused were all discharged.

On this discharge, on the fact that the arrest was made without warrant, on the claim that the accused believed that some permission had been given to take the material, and because at the time of the arrest plaintiff offered to pay the value of the material taken by his sons, this claim for damages is based.

Defendant, on the other hand, disclaims all responsibility for the actual arrest. In fact he testifies "* * in the excitement I told the officers they better drop the matter, and they told me they were there to do their duty." At the station be made the charge suggested by the police.

We cannot accept the defendant's view of his own freedom from responsibility for the arrest. True it is that one who merely notifies the authorities that an offense has been committed and asks that the guilty parties be discovered and punished without directing the arrest of any particular person, is not responsible for every arrest that may follow the official investigation. But when he himself is present at the arrest, accompanies the accused to the station and prefers the charge, he is to be held in the same way and to the same extent as if he had originally directed the arrest.

On the other hand we have stated enough to show that there was no express malice on the part of defendant who proceeded with due caution and so far only as seemed necessary for the protection of his property.

But want of malice is not a defense to an action for false imprisonment 25 (An. 307-16 An. 387. Louques Digest 58) and can have no bearing except on the quantum of damages. The only inquiry is, therefore, whether there was due authority and probable cause for the arrest.

We are not called upon to state all the circumstances under which citizens and officers of the law may arrest without a warrant, but we are disposed to say that a party may be arrested without a warrant who confesses to an officer of the law facts which show him *prima facie* guilty of an offense punishable by imprisonment.

We have carefully examined the evidence in this case and

are of opinion that the confession of these boys made at the time and their testimony given at the trial of the case makes out against them an offense even more serious than that with which they were charged. They confessed an actual trespass and a carrying away with intent to appropriate property that was not their own. The owner of that property, well knoiwng that he had given no consent thereto, was under no obligation to accept without further investigating their statement that they acted in good faith, and having, as they believed, the permission of some one for what they did. That investigation was properly reserved for the trial before a magistrate.

Nor can we attach any weigth to the offer of plaintiff to reimburse the damages done by his sons. Defendant was under no obligation to accept the offer, and was without authority to condone an offense against the State which the payment of damages could not have purged.

We think the arrest was lawfully made and justifiable in fact.

We are also of opinion that the prosecution was neither malicious nor without probable cause. It is elementary that the discharge or acquittal of an accused is not even *prima facie* evidence of malice or want of probable cause. But even were it otherwise the evidence in this case completely rebuts that presumption.

We have already stated that in our opinion the offense committed was even more serious than that charged. Conceding the necessity of putting a stop to further depredations upon his property, and that necessity was apparent, it was the very opposite of malicious on the part of defendant, to have cahrged the depredators with nothing more serious than "malicious mischief."

As. to the fact that the parties were discharged by the Recorder that can avail nothing in the light of the testimony actually adduced in this case. Police maigstrates are vested with large discretion, and we are not disposed to find fault with a wise exercise of that discretion where the offense is venial and the accused youthful, penitent and desirous of repairing the wrong done.

But when, not satisfied with the leniency thus shown him, he retorts upon the person he has injured and seeks to mulct him in damages on the strength of such a discharge, we are

bound to hold that an acquittal under the circumstances is no exoneration, and he is not in court with clean hands.

We are of opinion that there was no malice whatever in this prosecution and somewhat more than probable cause.

Without written reasons by the District Judge we do not know the ground of his judgment. But we appreciate his sound legal knowledge and strong common sense. Hence from the very small amount allowed by his judgment we are satisfied it could not have been upon the alleged malicious prosecution. But he no doubt took the view that the arrest without warrant was not justified under the circumstances and some damage, no matter how small, must be awarded. As a matter of law, we disagree with him as to the validity of the arrest, and must, therefore, reverse the judgment.

For the reasons assigned it is ordered that the judgment of the District Court be reversed, and it is now ordered that plaintiff's demand be rejected at his costs in both courts.

May 17, 1909.

Rehearing refused June 1, 1909.